Edward Egan Smith (State Bar No. 169792)
Michelle Akerman (State Bar No. 265022)
STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, California 94111
Telephone:   (415) 421-3400
Facsimile:    (415) 421-2234
E-mail:        esmith@steyerlaw.com
                   makerman@steyerlaw.com

Attorneys for Plaintiff
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>WB COYLE<br><br>               Debtor(s).<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY<br><br>               Plaintiff,<br><br>v.<br><br>WB COYLE, aka W.B. COYLE, aka WILLIAM BERNARD COYLE,<br><br>               Defendants. | Case No. 13-32412 HLB 7<br><br>[Chapter 7]<br><br>Adversary No.<br><br>**COMPLAINT FOR FRAUD, NON-DISCHARGEABILITY**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Old Republic National Title Insurance Company ("Plaintiff" or "ORNTIC") alleges as follows:

## JURISDICTION AND VENUE

1. This is an adversary proceeding pursuant to Bankruptcy Rule 7001.

2. Jurisdiction over the claims for relief exists pursuant to 28 U.S.C. section 1334 and 28 U.S.C. section 157.

3. This a request for determination and non-dischargeability of a certain debt owed by debtor and defendant W.B. Coyle, and therefore, is a core proceeding under 28 U.S.C. section 157(b)(2)(I) and 28 U.S.C. section 157(b)(2)(J).

4. Venue is proper in this action pursuant to 28 U.S.C. section 1409.

## THE PARTIES

5. Plaintiff was and is a corporation duly organized and existing under the laws of the State of Minnesota, and authorized to do business in the state of California.

6. On or about November 4, 2013, John Sollner *et al*. filed an Involuntary Petition in the above-captioned Court for Debtor and defendant WB Coyle's, also known as W.B. Coyle or William Bernard Coyle, ("Debtor" or "Defendant") bankruptcy under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Proceeding").

7. On or about April 18, 2014, the Court entered an Order for Relief adjudicating Defendant as a debtor herein.

## GENERAL ALLEGATIONS

8. Plaintiff is informed and believes that Kearny Union, LLC ("Kearny Union") is a California limited liability company with a principal place of business in San Francisco, California, and that at times relevant herein, Defendant was the sole and/or controlling member and managing member of Kearny Union.

9. Plaintiff is informed and believes that Dissolution Properties, LLC ("Dissolution Properties") is a California limited liability company with a principal place of business in San Francisco, California, and that at times relevant herein, Defendant was the sole and/or controlling member and managing member of Dissolution Properties.

10. Plaintiff is informed and believes that on or about July 20, 2010 Defendant executed a Grant Deed purporting to convey the real property known as 1401-1405 Kearny Street, San Francisco, California ("Property") to Kearny Union, recorded on July 28, 2010 as Document No. 2010-J005320 in the Official Records of San Francisco ("Kearny Union Deed").

11. Plaintiff is further informed and believes that the signature block Defendant signed on the Kearny Union Deed incorrectly stated that it was executed on behalf of the grantee, Kearny Union, rather than the grantor, Dissolution Properties. Plaintiff is informed and believes that at the time Defendant signed the Kearny Union Deed, Defendant was the sole and/or controlling member and managing member of both the grantor, Dissolution Properties, and the grantee, Kearny Union.

12. Plaintiff is informed and believes that on or about February 13, 2012, Defendant, as the managing member of Kearny Union, executed a written purchase and sale agreement ("Purchase Agreement") for the sale of the Property to Telegraph Hill Apartments, LLC ("Telegraph Hill").

13. Plaintiff is informed and believes that at the close of escrow under the Purchase Agreement, Telegraph Hill took title to the Subject Property under a Grant Deed executed by Defendant on behalf of grantor Kearny Union and recorded in the official records of San Francisco on February 29, 2012 as document no. 2012-J363810 ("Telegraph Hill Deed").

14. Also at the close of escrow, through escrow holder Old Republic Title ("ORTC"), ORTC issued to Telegraph Hill Plaintiff's CLTA Owner's Policy of Title Insurance, Policy No. A04009-FTYA-151237 ("Title Policy"), insuring Telegraph Hill as the fee owner of the Property, subject to the terms, exclusions and exceptions contained in the Title Policy. Plaintiff is informed and believes that as the title insurer for the transaction, it was the intended recipient of all information communicated to ORTC and Telegraph Hill by Defendant. Plaintiff brings this action under its contractual and equitable rights of subrogation and on its own behalf.

15. Plaintiff is informed and believes that on or about August 25, 2013, Andrea A. Wirum, the trustee of the bankruptcy estate of Dissolution in the matter *In Re Dissolution Properties LLC, N.D. Cal. Bankruptcy Case No. 11-33764 HLB* ("Trustee"), initiated an adversary proceeding against Telegraph Hill and others entitled *Andrea A. Wirum, Trustee v. Telegraph Hill*

*Apartments, LLC, et al.*, N.D. Cal. Bankruptcy Adversary Proceeding No. 13-03204 ("Adversary Proceeding"). In the Adversary Proceeding, the Trustee sought to quiet title to the Property in the bankruptcy estate of Dissolution, alleging that the 2010 Kearny Union Deed from Dissolution to Kearny Union was void because it purported to be executed by the grantee, Kearny Union, rather than the grantor, Dissolution, and that as a result of the invalidity of the Kearny Union Deed, the subsequent Telegraph Hill Deed was likewise void.

16. As a direct and proximate result of the foregoing, in order to protect its insured Telegraph Hill under the Title Policy, Plaintiff reasonably paid $137,500 to the Trustee in exchange for a release of all claims in the Adversary Proceeding, a dismissal of the Trustee's adversary complaint with prejudice, and a Quitclaim Deed from the Trustee to Telegraph Hill for the Property. Under the terms of the Title Policy, in the event Plaintiff settles or pays claims made under the Title Policy, it is subrogated to the rights of its insured, Telegraph Hill, and has all the same rights and remedies with respect to the claim that Telegraph Hill may have against any person or property, to the extent of the amount of any loss, costs, attorney's fees and expenses paid by Plaintiff.

## FIRST CLAIM FOR RELIEF
**Fraud**

17. Plaintiff refers to and incorporates herein by reference the preceding paragraphs 1 through 16.

18. Plaintiff is informed and believes that Defendant, directly and through his agents, concealed and failed to disclose that Dissolution Properties had or could assert some right, title, lien or interest in the Property, and that the Kearny Union Deed by which Kearny Union took title to the Property was invalid because it was executed by Defendant on behalf of the grantee, Kearny Union, rather than on behalf of the grantor, Dissolution Properties. Plaintiff is informed and believes that prior to the close of escrow on the sale of the Property by Kearny Union to Telegraph Hill, Defendant was aware he had signed the Kearny Union Deed on behalf of the grantee, Kearny Union, rather than on behalf of the grantor, Dissolution Properties, and that said fact called into question the validity of the Kearny Union Deed and the subsequent Grant Deed to

1  Telegraph Hill.

2  19. Plaintiff is informed and believes that Defendant misrepresented and actively concealed the truth concerning the validity of the Kearny Union Deed from Plaintiff with the intent to defraud and deceive Plaintiff and with the intent to (1) induce Telegraph Hill to enter into the Purchase Agreement and purchase the Property as alleged herein, and (2) induce Plaintiff to facilitate the close of escrow for Telegraph Hill's purchase of the Property as alleged herein.  At the time these representations were made and facts concealed by Defendant, and at the time that Plaintiff and Telegraph Hill took the actions alleged herein, Plaintiff and Telegraph Hill believed Defendant's representations to be true, and believed that Defendant had disclosed all material facts concerning the sale of the Property.  In reliance on Defendant's representations and disclosures, Telegraph Hill was induced to and did enter into the Purchase Agreement and purchase the Property, and caused Plaintiff to issue the Title Policy to Telegraph Hill without exception for any claim by Dissolution and/or the Trustee.  Plaintiff is informed and believes that had Telegraph Hill and Plaintiff known that the representations were false and known the true undisclosed facts, they would not have taken such action.  Plaintiff is further informed and believes that Telegraph Hill's and Plaintiff's reliance on Defendant's representations was justified because they reasonably believed that Defendant would disclose all material facts and would truthfully represent the liens, encumbrances and claims against the Property.

20. As a direct and proximate result of Defendant's intentional misrepresentation and active concealment and failure to disclose, Plaintiff has been damaged in the amount of $137,500 plus interest from July 12, 2014.

21. Defendant, in doing the tortious things alleged herein, has caused Plaintiff to bring this action for which Plaintiff is entitled to attorney's fees under the doctrine of tort of another.

22. By engaging in the conduct alleged herein, Defendant has been guilty of oppression, fraud and malice, thereby entitling Plaintiff to an award of punitive damages in an amount to be awarded at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF
### Declaratory Relief – Judgment of Non-Dischargeability

23. Plaintiff refers to and incorporates herein by reference the preceding paragraphs 1 through 22.

24. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties, in that Plaintiff contends:

   a. That it has a valid claim against Debtor's bankruptcy estate arising from Debtor's fraudulent conduct alleged herein in an amount according to proof; and

   b. That debtor's underlying debt to Plaintiff, arising from said fraudulent conduct, is not dischargeable in these Bankruptcy Proceedings.

25. Plaintiff is informed and believes that Defendant disputes Plaintiff's contentions and contends that Plaintiff has no valid claim against Debtor's bankruptcy estate arising from Debtor's fraudulent conduct and that any debt owed by Debtor to Plaintiff is dischargeable in bankruptcy.

26. Plaintiff desires a judicial determination of the rights and duties of the parties, and a declaration that: (a) Plaintiff has a valid claim against Debtor's bankruptcy estate arising from Debtor's fraudulent conduct; and (b) the underlying debt owed by Debtor to Plaintiff is not dischargeable pursuant to 11 U.S.C. sections 523(a)(2)(A) and 523(a)(3)(B).

27. A judicial determination is necessary and appropriate under the circumstances in order that Plaintiff may ascertain its rights and duties with respect to Debtor's bankruptcy estate.

WHEREFORE Plaintiff prays for judgment as follows:

1.   For damages in an amount according to proof, but not less than $137,500;

3.   For pre-judgment interest at the maximum rate allowable by law from July 12, 2014;

4.   For punitive damages;

5.   For a declaration that (a) Plaintiff has a valid claim against Debtor's bankruptcy estate arising from Debtor's fraudulent conduct alleged herein in an amount according to proof;

1 and (b) That debtor's underlying debt to Plaintiff, arising from said fraudulent conduct, is not dischargeable in these Bankruptcy Proceedings.

6. For costs of suit incurred herein including reasonable attorneys' fees; and

7. For such other and further relief as the court may deem just and proper.

Dated: October 28, 2014

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP


By: /s/ Edward Egan Smith
Edward Egan Smith
Michelle Akerman
Attorneys for Plaintiff
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY

# DEMAND FOR JURY TRIAL

Plaintiff Old Republic National Title Insurance Company hereby demands a trial by jury of all claims so triable.

Dated: October 28, 2014　　　　　　　STEYER LOWENTHAL BOODROOKAS
　　　　　　　　　　　　　　　　　　　ALVAREZ & SMITH LLP


　　　　　　　　　　　　　　　　　　By:/s/ Edward Egan Smith
　　　　　　　　　　　　　　　　　　　Edward Egan Smith
　　　　　　　　　　　　　　　　　　　Michelle Akerman
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　OLD REPUBLIC NATIONAL TITLE
　　　　　　　　　　　　　　　　　　　INSURANCE COMPANY